UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN DAVID IMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:18cv100 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

2

through September 30, 2018.

2. The claimant has not engaged in substantial gainful activity since January 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following medically determinable impairments: anemia, irritable bowel syndrome (IBS), attention deficit hyperactivity disorder (ADH), combined obsessive compulsive disorder (OCD), generalized anxiety disorder, and depressive disorder (20 CFR 404.1522 *et seq*.).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1522 *et seq*.).

5. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2011, through the date of this decision (20 CFR 404.1520(c)).

(Tr. 12-19).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on October 16, 2018. On February 6, 2019, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on February 20, 2019. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step two was the determinative inquiry.

Plaintiff was born in 1984 (Tr. 206) and has a twelfth grade education (Tr. 211). He had worked in distribution and sales (Tr. 211, 218-20) and was working at the time of his benefits application, albeit on a reduced work schedule (Tr. 229-35). He alleged that he became disabled as of January 1, 2011 (see Tr. 10, 178), when he was 26 years old. He alleged that he was disabled by obsessive-compulsive disorder ("OCD"), generalized anxiety disorder, bipolar disorder, gluten intolerance, irritable bowel syndrome ("IBS"), and a fatty liver (Tr. 210).

The relevant period of time in this judicial review is from January 1, 2011 (when Plaintiff allegedly became disabled) through May 25, 2017 (the date of the ALJ's decision). This is the period of time addressed by the ALJ's decision which is the subject of this judicial review (Tr. 19). Most of the record medical evidence was from before the relevant period (see Tr. 15 ("treatment records were very limited and his treatments were mostly prior to the alleged onset date [of disability]")).

During the relevant period, consultative examining physician B.T. Onamusi, M.D., evaluated Plaintiff on February 16, 2015 (Tr. 382-87). On physical examination, Dr. Onamusi

4

did not note any abnormalities or functional limitations (Tr. 382-83). He assessed a "[r]eport of gluten of intolerance with no evidence of malnutrition" (Tr. 383). He opined that Plaintiff was physically "able to engage in gainful employment" (Tr. 383).

The following day, on February 17, 2015, consultative examining psychologist Paula Newman, Psy.D., evaluated Plaintiff (Tr. 388-404). She recounted his current work and daily activities (Tr. 389-90). After examination (Tr. 391-93), she diagnosed attention deficit hyperactivity disorder, OCD, a reported fatty liver, reported IBS, self-diagnosed gluten intolerance and low blood sugar, and "[f]amily dynamics, dependency" (Tr. 394). As to functional limitations, she opined,

> [Plaintiff's] ability to understand, remember, and carryout simple instructions in a sustained manner is not impaired. The examinee's ability to interact in a reasonably effective and stable manner with the general public, coworkers is not impaired. He owns and runs his own business. He is outwardly friendly. He is social. The claimant is able to perform everyday functional tasks without limitations. Functionally, he appears to be fully functioning in every task he chooses to engage.

(Tr. 394).

On February 18, 2015, State agency physician J.V. Corcoran, M.D., reviewed the available evidence and opined that Plaintiff did not have a "severe" physical impairment at that time (Tr. 95-96 ("Current Evaluation… not severe")).

On February 24, 2015, State agency psychologist Amy Johnson, Ph.D., reviewed the available evidence, noting that Plaintiff was "currently working in sales" (Tr. 97). Dr. Johnson heavily quoted Dr. Newman's report (Tr. 97-98). Dr. Johnson opined that Plaintiff did not have any severe mental impairment (Tr. 98 ("Impairment Not Severe")).

On April 16, 2015, State agency physician Joshua Eskonen, D.O., reviewed the available

5

evidence and concurred with Dr. Corcoran's opinion (Tr. 105). On April 17, 2015, State agency psychologist B. Randal Horton, Psy.D., reviewed the available evidence and concurred with Dr. Johnson's opinion (Tr. 106-07).

At the administrative hearing, Plaintiff stated that he had OCD, attention deficit disorder, and IBS (Tr. 38). Plaintiff testified that he was not alleging disability "because of any specific physical health conditions" (Tr. 38 (as asked by the ALJ)). He also testified that he was not receiving treatment from any health care providers and had not seen a doctor since 2015 (Tr. 44). He stated that he was still self-employed on a less than full-time basis (Tr. 40, 44). He was acquiring items such as gloves, wallets, and LED lights, and selling them to retailers (Tr. 40-44).

In support of remand, Plaintiff first argues that the ALJ opinion errs by failing to incorporate impairments in combination, both non-severe and severe, including Plaintiff's OCD and related impairments, into the "anticipated" RFC. As the Commissioner points out, however, the ALJ did not assess Plaintiff's RFC and was not required to do so because the ALJ did not reach that step of the sequential evaluation of disability. The Commissioner also asserts that Plaintiff misrepresents the ALJ's findings and the process for evaluating Social Security disability.

As noted above, the Commissioner utilizes a five-step sequential evaluation to determine disability. 20 C.F.R. § 404.1520. At the second step, an ALJ determines whether a claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment (or combination of impairments) is one that significantly limits the ability to perform basic work activities. 20 C.F.R. § 404.1522; *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) ( the severity requirement is "'a de minimis screening for groundless claims' intended to exclude

6

slight abnormalities that only minimally impact a claimant's basic activities"). If a claimant does not establish a severe impairment, the evaluation ends, and the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c).

RFC is not assessed until the fourth step of the evaluation. 20 C.F.R. §§ 404.1520(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work"), 404.1545(a)(5)(i) ("We will first use our residual functional capacity assessment at step four of the sequential evaluation process to decide if you can do your past relevant work").

In the present case, the ALJ found that Plaintiff had not established any severe impairment and determined that Plaintiff was not disabled on that basis (Tr. 19 (citing 20 C.F.R. § 404.1520(c)). Since the ALJ did not go beyond the second step of the sequential evaluation, the ALJ did not assess Plaintiff's RFC. Thus, Plaintiff's assertion of error is factually and legally incorrect.

Plaintiff also argues that the ALJ erred by finding that Plaintiff did not establish any "severe" impairment(s). It is the disability claimant's burden to establish the existence of a "severe" impairment or combination of impairments. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) ("The burden, however, is on the claimant to prove that the impairment is severe").

In the present case, the Commissioner concludes that substantial evidence supported the ALJ's finding that Plaintiff did not have any severe impairment. Examining psychologist Dr. Newman evaluated Plaintiff and opined that he was "not impaired" in various areas, that he "is able to perform everyday functional tasks without limitations," and that, "[f]unctionally, he appears to be fully functioning in every task he chooses to engage" (Tr. 394). Examining

7

physician Dr. Onamusi evaluated Plaintiff and diagnosed only "Report of gluten intolerance with no evidence of malnutrition" (Tr. 383). These medical opinions did not suggest any limitations in Plaintiff's ability to perform basic work activities. The State agency physicians and psychologists reviewed the available evidence and directly opined that Plaintiff did not have any severe impairment. Drs. Corcoran and Eskonen concluded that Plaintiff did not have any severe physical impairment (Tr. 95-96, 105). Psychologists Drs. Johnson and Horton concluded that Plaintiff did not have any severe mental impairment (Tr. 97-98, 106-07). These opinions, and the other evidence discussed by the ALJ in her decision (Tr. 14-19), constituted substantial evidence supporting the ALJ's finding that Plaintiff did not have any severe impairment.

Plaintiff disagrees with the ALJ's finding. However, Plaintiff has not shown that the ALJ's findings lacked supporting substantial evidence. Rather, Plaintiff asserts that his OCD was severe, according to his own definition, his own testimony, the record evidence, and certain medical publications. However, the existence of this alternative interpretation does not invalidate the ALJ's findings or the substantial evidence on which they were based. As noted above, the medical opinion evidence and the evidence discussed by the ALJ in her decision constituted substantial evidence supporting her decision. Plaintiff has failed to show otherwise.

Plaintiff also asserts that the ALJ did not consider his impairments in combination when assessing their severity. This is untrue. First, the ALJ expressly considered Plaintiff's impairments in combination (Tr. 19 ("the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments")). Second, the ALJ's decision reflects consideration of the multiple medical

8

problems documented in the medical evidence (Tr. 13-19). Third, the medical opinion evidence, summarized supra, was based on the consideration of multiple impairments, and those opinions supported the ALJ's findings.

Clearly, Plaintiff failed to carry his burden of producing evidence of a "severe" impairment as defined by the Social Security Administration, even though his impairments may seem severe to him. Substantial evidence supported the ALJ's finding that Plaintiff did not have any "severe" impairment; none of the medical opinions supported Plaintiff's claim of severity. Plaintiff's alternative interpretation of the evidence does not establish otherwise and is unavailing.

Next, Plaintiff argues that the ALJ erred by overemphasizing Plaintiff's daily activities. When a claimant alleges disability based on subjective symptoms, the claimant's activities are a valid consideration in assessing the reliability of those allegations. 20 C.F.R. § 404.1529(c)(3) ("Factors relevant to your symptoms, such as pain, which we will consider include: (i) Your daily activities").

In the present case, the ALJ properly assessed the reliability of Plaintiff's allegations of subjectively disabling symptoms (see Tr. 15 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision")). Plaintiff does not contest any other element of the ALJ's analysis. Thus, it is clear that the ALJ properly considered Plaintiff's daily activities as part of her analysis (e.g., Tr. 16 ("normal activities of daily living"), 18 ("a wide range of activities of daily living on a regular basis"), 19 ("is independent in his daily activities")) per 20 C.F.R. § 404.1529(c)(3)(i), along with other valid

considerations. Those valid considerations included the nature (and lack) of Plaintiff's medical treatment for his allegedly disabling symptoms (Tr. 19 ("no records of recent treatment")) per 20 C.F.R. § 404.1529(c)(3)(v) ("Factors relevant to your symptoms, such as pain, which we will consider include: ... (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms"); the medical opinion evidence (e.g., Tr. 16-17, 19) per 20 C.F.R. § 404.1529(c)(1) ("We also consider the medical opinions of your treating source and other medical opinions as explained in § 404.1527"); the objective medical evidence (e.g., Tr. 15 (noting lack of abnormal findings by the consultative examiners)) per 20 C.F.R. § 404.1529(c)(2) ("We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled"); and Plaintiff's own statements about his treatment, his symptoms, and his activities (e.g., Tr. 16) per 20 C.F.R. § 404.1529(c)(3) ("We will consider all of the evidence presented, including... your statements about your symptoms").

Plaintiff suggests that the ALJ somehow equated his performance of daily activities with his ability to perform work-related tasks. However, Plaintiff does not identify any statement by the ALJ indicating that she did so. Plaintiff also suggests that the ALJ somehow disregarded his functional limitations in performing household activities. However, again, Plaintiff does not explain how the ALJ did so. The medical opinion evidence uniformly supported the ALJ's findings that Plaintiff did not have any functional limitations (*see, e.g.*, Tr. 394 (Dr. Newman's statement that "he appears to be fully functioning in every task he chooses to engage"), 383 (Dr. Onamusi's diagnosis of gluten intolerance with no other medical problem diagnosed)).

Plaintiff also protests the perceived overemphasis of his work activity in the ALJ's

10

decision without mention of his mother's contributions. However, the ALJ acknowledged Plaintiff's mother's contributions to Plaintiff's business and discussed the relevance of Plaintiff's work activities to his disability claim (Tr. 16, 18-19). In fact, if Plaintiff had been running his own business by himself, full-time (as the consultative examiners' opinions indicate that he could have done), then he would have been working and therefore not disabled, as defined by the Social Security Act (42 U.S.C. § 423(d)), regulations, and applicable case law.

The remainder of Plaintiff's argument consists of Plaintiff's alternative interpretation of the evidence concerning his activities. Yet, again, Plaintiff's alternative interpretation is unavailing. It was the ALJ's province to weigh the evidence. As long as substantial evidence supported the ALJ's findings, the reviewing court must uphold the ALJ's findings and decision. 42 U.S.C. § 405(g). Moreover, again, Plaintiff's activities were only one aspect of the relevant record evidence in this case.

Plaintiff has failed to show that the ALJ improperly considered Plaintiff's daily activities. Moreover, Plaintiff has failed to show that the ALJ's findings and decision lacked the support of substantial evidence. Accordingly, the decision of the ALJ must be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: March 27, 2019.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court